IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VIRTUDES ARCE,

Plaintiff

v.                                                                CIVIL 10-1032 (FAB) (JA)

JOHN E. POTTER, POSTMASTER GENERAL,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to dismiss and memorandum of law in support of motion to dismiss filed by defendant John E. Potter on October 27, 2010. (Docket Nos. 22, 23.) The defendant's motion to dismiss was opposed by plaintiff Virtudes Arce on December 13, 2010. (Docket No. 26.) Defendant replied to plaintiff's opposition on December 27, 2010. (Docket No. 30.) This case had been referred to a United States magistrate judge, and randomly assigned to me for all further proceedings except for pretrial conference and trial on June 15, 2010. (Docket Nos. 12, 13.) For the reasons set forth below, I recommend that the motion to dismiss be denied.

I. BACKGROUND

Plaintiff is hearing-impaired, (Docket No. 1, at 3, ¶ 5.1), and works as a Distribution Clerk of the United States Postal Service. (Id. at 2, ¶ 4.1.) She filed

CIVIL 10-1032 (FAB) (JA)			2

a complaint on January 20, 2010 seeking damages as a result of discriminatory treatment (retaliation) in violation of Civil Rights Laws, 42 U.S.C. § 2000e et seq., and Rehabilitation Act, 29 U.S.C. § 701 et seq. (Docket No. 1, at 8-10.) Plaintiff asserts that she has been "subject of a hostile work environment, continuous intentional discrimina[tion] due to her hearing impairment and retaliatory treatment on account of the filing of various Equal Employment Opportunity Complaints and a civil action for discrimination." (Id. at 1, ¶ 1.1.) "Since approximately the year 1995 Plaintiff . . . has filed several complaints alleging violations by the Defendant of her rights to be free from disability discrimination and retaliation. The last case was filed . . . in the year 2003 and terminated in a consent settlement in the year 2005." (Id. at 3, ¶ 5.2.)

Defendant's memorandum of law in support of the motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure argues for partial judgment dismissing plaintiff's breach of contract claim. (Docket No. 23, at 11.) It states three arguments. First, that some of the plaintiff's claims arise under contract law since "[i]n the complaint there are allegations as to a previous case in 2003 that terminated in a consent settlement in the year 2005 which plaintiff aver[s] has been breached by the defendant" (id. at 1) and "[b]ecause it has been held that a claim for breach of settlement agreement is a claim founded upon a contract with the United States under the Tucker Act, this Court lacks jurisdiction over

CIVIL 10-1032 (FAB) (JA)                     3

plaintiff's claim for its breach." (Docket No. 23, at 5.)  Second, defendant asserts: "[n]either the Judgment entered in Civil No. 03-1971 (JP) nor the Settlement Agreement . . . contains a retention of jurisdiction clause to hear a breach claim . . . " therefore, the breach of settlement claims should be dismissed.  (Id. at 8.)  Finally, the defendant continues to argue that plaintiff did not exhaust administrative remedies as required by 29 C.F.R. § 1614.504.  (Docket No. 23, at 9.)

In plaintiff's "Response in Opposition to Motion for Partial Summary Judgment," (Docket No. 26), plaintiff notes that her "pleaded claims arise under the Rehabilitation act." (Id. at 4.)  She argues that in the complaint there are no claims "rais[ing] specific . . . breach of the settlement agreement . . . The instances of violations of the prior settlement agreement . . . are used as instances of a continuing pattern of specific acts of discrimination, not as individual claims for specific breach of the prior settlement agreement."  (Id.)  Moreover, she states that the allegations of breach to the settlement agreement is part of the evidence needed "to conclude that the employer's adverse employment actions against plaintiff were motivated by discriminatory intent." (Id. at 8.)  Finally, plaintiff points out that she has "[not] failed to exhaust administrative remedies." (Id. at 12.)

II.  STANDARD OF REVIEW

CIVIL 10-1032 (FAB) (JA)                              4

### Rule 12(b)(1) of the Federal Rules of Civil Procedure

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).  "The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1).  This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction.  Some challenges-those grounded in considerations of ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction are good examples . . . . " Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).

### III.  ANALYSIS

### Breach of the Settlement Agreement and the Tucker Act

The defendant argues that a part of the complaint should be dismissed because it is "founded upon a contract with the United States under the Tucker Act [and] this Court lacks jurisdiction over plaintiff's claim for its breach." (Docket No. 23, at 5.)  Defendant specifically refers to allegations from a "previous case in 2003 that terminated in a consent settlement in the year 2005 which plaintiff

CIVIL 10-1032 (FAB) (JA)                      5

aver[s] has been breached by the defendant." (Id. at 1.)  He compares paragraphs 5.2, 5.3, 5.7(b), 5.7(d), 5.7(e), 5.7(f), 5.7(g), 5.8, 5.9 and 5.91 of the complaint (Docket No. 1) to the promises made in the 2005 settlement agreement.  (Docket No. 23, at 1.)

On the other hand, plaintiff denies that the complaint alleges a breach of contract or settlement agreement.  She points out that "any violations of a prior settlement agreement constitute evidence of a pattern of continuing violations actionable in this court under the Rehabilitation Act . . . . " (Docket No. 26, at 2, emphasis omitted.) Moreover, she states that "[n]owhere in the [complaint does plaintiff] raise specific claims for breach of the settlement agreement." (Id. at 4.) And finally, she continues to assert: "The causes of action clearly asserted . . . in this complaint are not based solely, on her damages due to violations of a prior settlement or, as defendant asserts, an action sounding in contract for breach of settlement agreement.  Plaintiff seeks 'compensatory relief and damages as a result of discriminatory treatment in violation of the Civil Rights laws and the Rehabilitation Act . . . . '" (Id. at 5 (citing Compl. ¶ 1.1 (emphasis omitted)).)

Contrary to the defendant's argument, the complaint makes no portentous reference to a breach of contract or a breach of settlement agreement.  The complaint only asks for remedies for illegal retaliation as prohibited by 42 U.S.C. § 2000e-3 and 5 (in count one) and for violations of Rehabilitation Act.  (Docket

CIVIL 10-1032 (FAB) (JA)          6

No. 1, at 8-9.)  Although defendant cites <u>Brown v. United States</u>, 389 F.3d 1296, 1297 (D.C. Cir. 2004), it is <u>America v. Mills</u>, 677 F. Supp. 2d 51 (D.D.C. 2009) the case that applies to the present facts.  "In this case, however, plaintiff has not asserted any breach of contract claim nor sought money damages for any such breach of contract."  <u>Id.</u> at 53.  Also, unlike <u>Greenhill v. Spellings</u>, 482 F.3d 569, 572 (D.C. Cir. 2007), which is also cited by defendant in his memorandum of law, (Docket No. 23, at 4-6), this case makes reference to retaliation claims.  In <u>Greenhill</u> the court found that:  "The complaint makes no reference to retaliation, and the negative statements by Greenhill's former supervisor, without more, are not self evidently-retaliatory."  <u>Greenhill v. Spellings</u>, 482 F.3d at 572.  Plaintiff does not make mention of any breach of settlement agreement.  A cursory reading, a studied reading and a curious reading of the complaint all lead to the conclusion that this complaint does not invoke violations of a settlement agreement as a predicate for plaintiff's causes of action under the Civil Rights Act, 42 U.S.C. § 20003-3 <u>et seq.</u> and the Rehabilitation Act, 29 U.S.C. § 701 <u>et seq.</u>

<u>Exhausting Administrative Remedies</u>

Defendant's second argument is that because "[n]either the Judgment entered . . . nor the settlement agreement . . . contains a retention of jurisdiction clause to hear a breach of claim . . . the district court lacks jurisdiction to entertain a breach of settlement agreement claim" (Docket No. 23, at 8) and his

CIVIL 10-1032 (FAB) (JA)				7

third argument stating "[t]here is no indicia . . . that plaintiff exhausted the administrative remedy as to her breach of Settlement Agreement claim as required by 29 C.F.R. § 1614.504" (id. at 9) will not be given further consideration because the defendant relies on the allegation that plaintiff is asking for damages for breach of settlement agreement.  Again, this case has primarily nothing to do with a breach of contract or settlement agreement but rather presents claims of discriminatory treatment in violation of Civil Rights Laws, 42 U.S.C. § 2000e et seq., as well as under the Rehabilitation Act, 29 U.S.C. § 701 et seq.  A reading of the complaint reflects that while mention of the settlement agreement is made, almost in passing, the first acts of discrimination appear in August 2008, (Docket No. 1, at 4, ¶ 2.6), while the settlement agreement was made in 2005. (Docket No. 1, at 3, ¶ 5.2.)  The defendant's pithy argument is rendered ethereal by the reality of plaintiff's complaint.  Albeit, the defendant might be heard via motion in limine based on his argument of estoppel and res judicata.  See, e.g., Martínez v. Puerto Rico, 594 F. Supp. 2d 181, 185-86 (D.P.R. 2009).  After all, plaintiff did receive $150,000 in settlement in 2005 for acts including the ones she refers to as factors in her continuing violations theory.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117-18 (2002).  However, neither of the counts of the complaint should be dismissed because neither is predicated on a breach of contract theory.

CIVIL 10-1032 (FAB) (JA)                                        8

## IV.  CONCLUSION

In view of the above, I recommend that defendant's motion to dismiss under Rule 12(b)(1) be denied.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this  day 16th day of March, 2011.

S/ JUSTO ARENAS
Chief United States Magistrate Judge