IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VIRTUDES ARCE,<br><br>**Plaintiff**,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL,<br><br>**Defendant**. | **CIVIL NO.** 10-1032 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

　　Before the Court are the magistrate judge's report and recommendation (Docket No. 31.) and defendant's objection to the report and recommendation. (Docket No. 32.) After making an independent examination of the record in this case and considering the arguments raised in defendant's objection (Docket No. 32), the Court **ADOPTS** the magistrate judge's recommendation as the opinion of this Court and **DENIES** defendant's motion for partial dismissal. (Docket No. 22.)

---

[1] Alyssa Iglesias-Serpa, a third-year student at University of North Carolina Law School, assisted in the preparation of this Memorandum and Order.

**DISCUSSION**

**I. BACKGROUND**

    **A. Procedural Background**

On January 20, 2010, plaintiff Virtudes Arce ("plaintiff" or "Arce") filed a complaint alleging intentional discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act") against defendant Postmaster General John E. Potter ("defendant"). On October 27, 2010, defendant Potter filed a partial motion to dismiss for lack of subject matter jurisdiction, arguing that because a significant portion of the claims in the complaint relate to the government's breach of a settlement agreement, pursuant to the Tucker Act,[2] 28 U.S.C. § 1491, only the Court of Federal Claims ("CFC") has jurisdiction to hear plaintiff's claims. (Docket No. 23.) On December 13, 2010, plaintiff opposed that motion, stating that the agreement was mentioned solely to establish a continuing pattern of discrimination, and not as an individual claim for the specific breach of the agreement. (Docket No. 26.)

---

[2] The Tucker Act states, "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Civil No. 10-1032 (FAB)                                                3

        Pursuant to a referral order issued by the Court, Chief Magistrate Judge Justo Arenas issued a report and recommendation regarding the motion to dismiss on March 16, 2011.  (See Docket Nos. 12 & 31.)  The magistrate judge recommended that the motion be denied, stating that the complaint should not be dismissed because no counts of the complaint were predicated on a breach of contract theory.  (Docket No. 31 at p. 7.)  On March 31, 2011, defendant filed an objection to the report and recommendation, challenging the magistrate judge's conclusion that the complaint established subject matter jurisdiction.  (Docket No. 32.)

    **B.**    **Factual Background**

        Plaintiff is hearing-impaired and has worked as an employee of the United States Postal Service since 1986.  (Docket No. 1 at ¶ 5.1.)  Since 1995, Arce has filed several complaints alleging that her right to be free from discrimination and retaliation has been violated in her workplace.  In 2003, plaintiff filed a complaint, which was settled in 2005.  Plaintiff alleges that following the settlement, she was subjected to a hostile work environment.  (Docket No. 1 at ¶ 5.3 & 5.6-5.92.)  The gravamen of plaintiff's current complaint is that she suffered intentional discrimination as a result of her impairment and her history of filing complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Docket No. 1 at ¶¶ 5.2-5.3.)

Civil No. 10-1032 (FAB)                                                4

## II.  Legal Analysis

### A.   Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a pending, non-dispositive motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(c).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636 (a)(b)(1).  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing

Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

### B.   Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  Subject matter jurisdiction is properly invoked by plaintiff when a colorable claim "arising under" the Constitution or law of the United States is pled.  28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint.  See Viquiera v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (citing City of Chicago v. Int'l. College of Surgeons, 522 U.S. 156, 118 S.Ct. 523, 529 (1997); see also Gully v. First Nat'l. Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 97-98 (1936)).  "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly."  Fina Air, Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998)).  Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995) *cert. denied*, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217, 217 (D.P.R. 2003).

Civil No. 10-1032 (FAB)                                                    6

### C. Defendant's Objections Regarding Lack of Subject Matter Jurisdiction

Defendant Potter specifically objects to the magistrate judge's conclusion that the complaint established subject matter jurisdiction. (Docket No. 32.) He requests that the Court partially dismiss "plaintiff's claim for breach of a prior settlement agreement for this Court's lack of subject matter jurisdiction." (Docket No. 32.) He also argues that because an essential portion of the complaint's allegations were comparable to those found in the settlement agreement, the complaint implies a breach of contract claim. (See Docket No. 23; see also Docket No. 1 at ¶¶ 5.2-5.3, 5.7(b), 5.7(d-e), 5.7(g), & 5.8-5.91.) Conversely, plaintiff argues that the complaint clearly established subject matter jurisdiction by expressly invoking federal claims. (Docket No. 26.) Plaintiff states she did not allege a breach of contract claim, but referenced the settlement agreement simply to demonstrate a basis for retaliation and as an example of continuing violations pursuant to the Rehabilitation Act. (Docket No. 26.)

Having examined the factual allegations in the complaint, the Court finds defendant's argument unpersuasive. (See Docket No. 1.) The magistrate judge recognized that "[plaintiff's] complaint does not invoke violations of a settlement agreement as a predicate for plaintiff's cause of action." (Docket No. 31.) A complaint, rather, establishes subject matter jurisdiction if it states a federal cause of action on its face. Viquiera, 140 F.3d

Civil No. 10-1032 (FAB)                                                        7
_____

at 17.  In this case, plaintiff's established subject matter jurisdiction by seeking compensation for discriminatory treatment in violation of federal causes of action pursuant to civil rights laws and the Rehabilitation Act.  (Docket No. 1 at ¶¶ 8-9.)

Although defendant's motion to dismiss argues that <u>Greenhill v. Spellings</u>, 482 F.3d 569 (D.C. Cir. 2007) and <u>Brown v. United States</u>, 389 F.3d 1296 (D.C. Cir. 2004) are dispositive, the magistrate judge correctly determined that both cases are inapposite.  In <u>Greenhill</u>, the CFC was granted jurisdiction where the plaintiff neither alleged a retaliation claim nor could the court infer such a claim from the facts stated in the complaint.  482 F.3d 569, 572 (D.C. Cir. 2007).  In <u>Brown</u>, on the other hand, the CFC had jurisdiction when the plaintiff both expressly alleged a breach of contract claim and sought monetary damages relating to a breach of a settlement agreement.  389 F.3d 1296, 1297 (D.C. Cir. 2004).  Arce's claims, however, are diametrically opposed to those in <u>Greenhill</u> and <u>Brown</u>.  Plaintiff's complaint explicitly alleges a retaliation claim along with factual support.  Arce neither alleged a breach of contract claim nor sought compensation for a breach of the settlement agreement.  The magistrate judge thus relied on <u>America v. Mills</u>, properly concluding that when a plaintiff establishes a retaliation claim without alleging a breach of contract claim, the CFC does **not** have exclusive jurisdiction over plaintiff's case.  677 F.Supp.2d 51, 53-54 (D.D.C. 2009).

Civil No. 10-1032 (FAB)                                                    8

Still, defendant Potter may raise the issue of *res judicata* or collateral estoppel in a motion *in limine*, because plaintiff has already collected for acts similar to those referenced in her complaint.  See Martinez v. Puerto Rico, 594 F.Supp.2d 181, 185-86 (D.P.R. 2009).

**III. CONCLUSION**

The Court has considered defendant's objections and made an independent examination of the record in this case.  Having done so, the magistrate judge's recommendation is **ADOPTED**.  Accordingly, defendant's motion for partial dismissal for lack of jurisdiction is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 22, 2011.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE